**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ASDRUBAL JOSE LAGUNA-CAMPOS,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-1382-K-BK** |
| | § | |
| **WARDEN PRAIRIELAND DETENTION** | § | |
| **CENTER,** | § | |
| **RESPONDENT.**[1] | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Asdrubal Jose Laguna-Campos' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. On April 29, 2026, Petitioner, an alien detainee, filed his petition challenging his pre-final deportation order detention by Immigration Customs Enforcement (ICE). Doc. 3. He requests an individualized bond hearing or to be released under reasonable conditions of supervision. Doc. 3 at 6-7. However, because his removal order is now administratively final, the issues presented in the habeas petition are now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445

---

[1] The Clerk of the Court is directed to change the caption to reflect that the Warden of the Prairieland Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). The other named respondent should be terminated from this civil action. However, Petitioner may object to this modification within the 14-day statutory objection period.

U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Uncontroverted Government records confirm that an immigration judge ordered Petitioner removed on April 29, 2026, the Board of Immigration Appeals (BIA) initially rejected his appeal on June 11, 2026, and Petitioner did not refile his appeal within the allotted time. Doc. 6 at 2; Doc. 7 at 11-14; Doc. 7 at 26-27.[2] Petitioner's removal order thus became administratively final. As a result, Petitioner is no longer held as an applicant for admission under 8 U.S.C. § 1225(b)(2) or subjected to pre-final-deportation-order detention under 8 U.S.C. § 1226(a), as he appears to allege in his petition. His detention challenges are therefore moot. *See Andrade v. Gonzales*, 459 F.3d 538, 543-544 (5th Cir. 2006) (petitioner, whose removal proceedings became administratively final after he challenged his pre-final-deportation-order detention, could no longer state a claim for relief under 8 U.S.C. § 1226(c)).[3]

[2] The Executive Office for Immigration Review (EOIR) Automated Case Information shows no BIA appeal received. *See* https://acis.eoir.justice.gov/en/caseInformation (enter A-number and nationality) (last accessed on July 15, 2026).

[3] Petitioner's detention is now governed by 8 U.S.C. § 1231 pending his removal from the United States. *See Andrade*, 459 F.3d at 543. Even liberally construing the petition to challenge his post-removal-order detention under § 1231, his claim is premature. Petitioner cannot show that he has been in post-removal-order detention for at least six months from the date his removal order became final. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (affirming dismissal as premature where six months had not passed at time of filing); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that it is presumptively constitutional for an alien to be detained for *not* more than six months after a final order of removal).

For the foregoing reasons, the petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as moot. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 16, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).